KNAAK and others, Appellants, vs. SCHMIDT, Receiver, Respondent.*

*February 7—March 7, 1950.*

* Motion for rehearing denied, with $25 costs, on May 2, 1950.

*Erwin Esser Nemmers* of Milwaukee, for the appellants.

For the respondent there was a brief by *Kenney & Hays,* attorneys, and *John F. Cook* of counsel, all of Milwaukee, and oral argument by *Byron J. Hays.*

BROADFOOT, J. The statute under which the claimants contend they are entitled to priority reads as follows:

"128.17 *Order of distribution.* (1) The order of distribution out of the debtor's estate shall be as follows: . . .

"(c) Wages due to workmen, clerks, traveling or city salesmen, or servants, which have been earned within three months before the date of the commencement of the proceedings not to exceed six hundred dollars to each claimant."

Given its ordinary meaning the word "wages" refers to the compensation given or to be paid by an employer to an em-

ployee. This relationship must be established by a contract, express or implied. It is apparent, therefore, that the claimant Willis, who was hired by and paid by the L. B. Knaak Company, was not an employee of the debtor corporation. His claim, therefore, was properly denied.

It is also apparent from the record that the partnership consisting of L. B. Knaak and John G. Mapp was an independent contractor and would not, under Wisconsin law, be an employee of the debtor corporation. To determine the amount for which Mapp and Willis would file a claim, the total amount of commissions claimed due the partnership was divided arbitrarily between them. The Mapp claim, too, was properly disallowed.

The claim of L. B. Knaak was for two per cent of total sales for his services as sales manager. This claim was objected to on the ground that L. B. Knaak Company rather than L. B. Knaak as an individual was named as sales manager, and further that L. B. Knaak personally was not entitled to claim priority because he was a stockholder and officer of the corporation. These contentions are not sound. The letter in evidence dated April 12, 1948, was addressed to L. B. Knaak Company, but the salutation was "Dear Larry." It merely confirmed an oral agreement had before that time and contemplated that the work done as sales manager was to be done entirely by L. B. Knaak. The case of *Conlee Lumber Co. v. Ripon Lumber & Mfg. Co.* 66 Wis. 481, 487, 29 N. W. 285, arose out of an assignment for the benefit of creditors. Under the old statute then in force a preference was given in the distribution of assets to "the wages of laborers, servants, and employees earned within six months prior thereto." In that case two officers of the debtor corporation were given preferences for salaries due. The rule was also laid down in that case that a liberal rule has been adopted by this court in such cases.

Under the circumstances in this case the fact that L. B. Knaak was an officer and director of the corporation will not defeat his claim. Account No. 364 of the debtor corporation showed there was due to him under the caption "Commission, two per cent as sales manager," the sum of $716.47. It is apparent, therefore, that he had this amount due in his individual capacity as sales manager at the time the assignment was made for the benefit of creditors. It has long been held in such cases that commissions or compensation based on piecework are wages within the meaning of the statute in question. This claim should have been allowed to the extent that such commissions were earned within three months before the date of the commencement of the proceedings, but in no event at more than $600.

*By the Court.*—Order reversed and cause remanded for further proceedings in accordance with this opinion.